In re: ANDROGEL ANTITRUST LITIGATION (NO. II).

MDL No. 2084.

United States Judicial Panel on Multidistrict Litigation.

Oct. 5, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:** Now before the Panel are two motions brought, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain of the eight actions listed on Schedule A. The motions collectively encompass six actions in the Northern District of Georgia and one action each in the District of Minnesota and the Middle District of Pennsylvania.[1]

Plaintiff in the District of Minnesota action moves for centralization in the District of Minnesota or, alternatively, the District of New Jersey. Similarly, plaintiffs in the Middle District of Pennsylvania action seek centralization in the Middle District of Pennsylvania. Plaintiffs in the potential tag-along action in the Middle District of Pennsylvania support the second motion.

Plaintiffs in the other actions before the Panel variously support centralization, either primarily or in the alternative, in the

movants' three suggested transferee districts. All defendants—Unimed Pharmaceuticals, Inc.; Solvay Pharmaceuticals, Inc.; Watson Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc.; and Paddock Laboratories, Inc.—support centralization under Section 1407 in the Northern District of Georgia.

On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations that the defendants conspired to restrain trade and monopolize the domestic market for AndroGel, used in testosterone replacement therapy, and its generic equivalents. Plaintiffs in all actions assert that the defendants entered into agreements to settle patent litigation that delayed and excluded generic competition from the market for AndroGel in violation of antitrust laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of Georgia stands out as an appropriate transferee forum. Six of the actions before the Panel are pending there, following transfer pursuant to 28 U.S.C. § 1404 from district courts in California and New Jersey. A government action that is not encompassed by

---

\* Judge Heyburn took no part in the decision of this matter.

1. The motion originally encompassed three actions in the District of New Jersey; however, the court there transferred those actions to the Northern District of Georgia pursuant to

28 U.S.C. § 1404. Also, the parties have notified the Panel of a related action pending in the Middle District of Pennsylvania. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

the Section 1407 motion is pending in the Northern District of Georgia as well. Centralization in this district also permits assignment to a judge with extensive experience in multidistrict litigation who is already familiar with the patent litigation underlying the antitrust claims in these actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

**MDL No. 2084—IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II)**

*Northern District of Georgia*

*Rochester Drug Co–Operative, Inc. v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. 1:09–956

*Louisiana Wholesale Drug Co., Inc. v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. 1:09–957

*Meijer, Inc., et al. v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. 1:09–958

*Stephen L. LaFrance Pharmacy, Inc., et al. v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. Unassigned

*Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. Unassigned

*Raymond Scurto v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. Unassigned

*District of Minnesota*

*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. 0:09–1168

*Middle District of Pennsylvania*

*Rite Aid Corp., et al. v. Unimed Pharmaceuticals, Inc., et al.,* C.A. No. 1:09–1153